**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2860
_____

D. ALLEN BLANKENSHIP,
Appellant

v.

FINANCIAL INDUSTRY REGULATORY AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:24-cv-03003)
District Judge:  Honorable John F. Murphy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2025
_____

Before:  CHAGARES, Chief Judge, PORTER and ROTH, Circuit Judges.

(Filed January 8, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

D. Allen Blankenship faces disciplinary charges from the Financial Industry Regulatory Authority ("FINRA"), which regulates registered members under the oversight of the Securities and Exchange Commission ("SEC"). Before FINRA's disciplinary proceedings took place, Blankenship sought injunctive relief from the District Court, arguing that the Seventh Amendment of the United States Constitution entitled him to a jury trial in federal court to adjudicate the claims against him, rather than proceeding before FINRA. The District Court rejected his argument and dismissed for lack of subject matter jurisdiction. For the reasons set forth below, we will affirm on different grounds.

I.

We write primarily for the parties and so recite only those facts pertinent to our decision. FINRA is a private, not-for-profit Delaware corporation and currently the only registered national securities association in the United States. The Securities Exchange Act requires national securities associations to promulgate and enforce disciplinary rules against its members. <u>See</u> 15 U.S.C. § 78o-3(b)(7)–(8). Aggrieved members may appeal final FINRA decisions to the SEC, <u>id.</u> § 78s(e)(1), and an adverse SEC decision is in turn reviewable in the federal courts of appeals, <u>id.</u> § 78y(a).

Blankenship is a securities broker registered with FINRA, which alleged that he "engaged in unsuitable mutual fund trading" in violation of its rules. Appendix 81. Days before Blankenship's scheduled FINRA hearing, he filed suit in the District Court for the Eastern District of Pennsylvania, seeking declaratory and injunctive relief against

2

FINRA's disciplinary enforcement.  He alleged that FINRA's disciplinary proceedings violated his Seventh Amendment right to a jury trial in federal court, arguing that the rules FINRA sought to enforce against him mirrored a common law cause of action, as in SEC v. Jarkesy, 603 U.S. 109 (2024).  FINRA postponed Blankenship's hearing until the District Court resolved his claim.  After an amendment to his complaint, Blankenship moved for a preliminary injunction against FINRA's enforcement proceedings during the pendency of litigation in the District Court.

The District Court dismissed the suit for lack of subject matter jurisdiction.  It held under the Supreme Court's analytical framework in Axon Enterprise, Inc. v. FTC, 598 U.S. 175 (2023), that the Exchange Act's review scheme precluded district court subject matter jurisdiction over a Seventh Amendment challenge to FINRA's disciplinary proceedings.  Blankenship timely appealed to this Court.  He also filed motions for an injunction pending appeal in this Court and in the District Court, which were denied. Throughout this litigation, Blankenship never served FINRA with his complaint or a summons.

II.[1]

A federal court, before ruling on the merits of a case, must ensure that it has jurisdiction to consider the parties' claims.  That assessment includes "jurisdiction over

---

[1] "We have appellate jurisdiction over an appeal from a dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 1291."  Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271 (3d Cir. 2014).  We exercise plenary review over such orders, id., but "[w]e may affirm the district court on any ground supported by the record," Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431 (2007). But there is no mandatory "sequencing of jurisdictional issues," and federal courts may sometimes "choose among threshold grounds for denying audience to a case on the merits." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584–85 (1999). Though our analysis usually begins with subject matter jurisdiction, we may instead assess "personal jurisdiction when we are presented with 'a straightforward personal jurisdiction issue presenting no complex question of state law' and when resolving the subject-matter jurisdiction would implicate 'difficult and novel question[s.]'" Aldossari ex rel. Aldossari v. Ripp, 49 F.4th 236, 256 (3d Cir. 2022) (alteration in original) (quoting Ruhrgas AG, 526 U.S. at 578, 588).

Such is the case here. Blankenship's appeal on subject matter jurisdiction implicates a new question of constitutional law: whether a claim to a jury trial under the Seventh Amendment allows him to bypass the administrative review scheme of FINRA, a private entity, and to challenge it immediately in federal district court. By contrast, the defect in personal jurisdiction that FINRA raises is straightforward. Service of process is a prerequisite for a federal court's personal jurisdiction. See Fischer v. Fed. Express Corp., 42 F.4th 366, 381 (3d Cir. 2022). Yet Blankenship never served FINRA within the ninety days allotted by Rule 4(m) of the Federal Rules of Civil Procedure. Blankenship also failed to "show[] good cause for the failure" to excuse the delay. Fed. R. Civ. P. 4(m). "The failure of a plaintiff to obtain valid process from the court to

4

provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996).

Blankenship argues that FINRA has waived its objection to personal jurisdiction, but that argument is unavailing. He refers to Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543 (3d Cir. 1967), in which this Court held that a defendant's participation in preliminary injunction proceedings without objecting to personal jurisdiction waived that objection. Id. at 547. But we have explained that such a waiver occurs "unless it is not reasonably feasible to first secure that determination." Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999). It was, in fact, impossible for FINRA to secure a determination on personal jurisdiction during the preliminary injunction proceedings, as ninety days had not yet passed from the filing of Blankenship's amended complaint. Even so, FINRA noted that it had "not been properly served with process and does not waive any objections" in its opposition to Blankenship's motion for a preliminary injunction. Dist. Ct. Dkt. No. 20, at 1 n.1. Counsel for FINRA also raised that service had not yet been rendered during the preliminary injunction hearing before the District Court. And at the earliest possible opportunity — a filing in opposition to Blankenship's request for an injunction pending appeal — FINRA asserted that the District Court lacked personal jurisdiction. Such circumstances do not result in a waiver.

The District Court conducted a thoughtful analysis on subject matter jurisdiction over Blankenship's Seventh Amendment claim, but we do not address it here. "We have a longstanding practice of avoiding constitutional questions in cases where we can reach

a decision upon other grounds," Egolf v. Witmer, 526 F.3d 104, 109 (3d Cir. 2008), and we may uphold a district court's dismissal on alternate grounds that the record presents, see Watters v. Bd. of Sch. Dirs. of City of Scranton, 975 F.3d 406, 412–13 (3d Cir. 2020). Even if Blankenship would prevail on subject matter jurisdiction, the District Court would lack personal jurisdiction to proceed on remand, as Blankenship failed to serve FINRA within ninety days of filing his complaint and never showed good cause for his delay. We will therefore affirm the District Court's dismissal, which we specify is without prejudice.[2]

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] Dismissals for lack of subject matter jurisdiction and for lack of personal jurisdiction alike are without prejudice. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999) (subject matter jurisdiction); EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046, 1048–49 (3d Cir. 1993) (personal jurisdiction).